IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

COLUMBIA GAS TRANSMISSION, LLC,

     Plaintiffs,

v.            CIVIL ACTION NO. 2:18-cv-00044

466.19 ACRES OF LAND, MORE OR LESS,
IN CABELL, JACKSON, MASON, PUTNAM,
ROANE, AND WIRT COUNTIES, WEST VIRGINIA; et al.,

     Defendants.

**ORDER**

Pending before the Court is a joint motion for appointment of commission by Plaintiff Columbia Gas Transmission, LLC's ("Columbia") and Defendant Putnam County Development Authority, Inc. ("PCDA"). (ECF No. 280.) For the reasons that follow, the motion is **GRANTED**.

In December 2017, the Federal Energy Regulatory Commission issue a certificate of public convenience and necessity to Columbia, authorizing Columbia to construct and operate a 170.9-mile-long natural gas pipeline, compression facilities, and related appurtenances that would run throughout the state of West Virginia. (ECF No. 1-1.) Plaintiff then filed complaints in Case No. 2:18-cv-44 (the "Lead Case") and in Case No. 2:18-cv-42 (the "Companion Case") (collectively, the "Consolidated Action") to condemn the land over which its pipeline would run. The Court previously granted Columbia's motion for a preliminary injunction, granting it immediate access to, and use of, the land after satisfying specified conditions, so that it could begin

the pipeline construction in accordance with the FERC-approved construction schedule and deferred the issue of the landowners' just compensation. (ECF No. 217.) Columbia and the PCDA now jointly move the Court to appoint a commission to determine the compensation attributable to Columbia's acquisition of the nine tracts, which constitute six separate parcels, remaining at issue in the Consolidated Action (the "Valuation Parcels").

Federal Rule of Civil Procedure 71.1 generally provides that "[i]n an action involving eminent domain under federal law, the court tries all issues, including compensation[.]" Fed. R. Civ. P. 71.1(h)(1). However, there is an exception to this rule that allows a court to—notwithstanding a party's demand for a jury trial—appoint "a three-person commission to determine compensation because of the character, location, or quantity of the property to be condemned or for other just reasons." Fed. R. Civ. P. 71.1(h)(2)(A); *see, e.g.*, *United States v. Cunningham*, 246 F.2d 330, 332 (4th Cir. 1957) (finding no abuse of discretion in the district court's appointment of a commission to determine just compensation); *Nat'l R.R. Passenger Corp. v. Catalina Enters., Inc. Pension Trust*, 147 Fed. App'x 378, 381 (4th Cir. 2005) (same). Such a commission "has the powers of a master under Rule 53(c)." Fed. R. Civ. P. 71.1(h)(2)(D).

As a threshold matter, for this Court to exercise its discretion to appoint a commission, a party in the condemnation action must make a jury demand. *See* Fed R. Civ. P. 71.1(h)(2). Jury demand notwithstanding, it is well-established that "[t]here is no Constitutional right to a jury trial in eminent domain proceedings." *Nat'l R.R. Passenger Corp.*, 147 Fed. App'x at 381; *see also United States v. Reynolds*, 397 U.S. 14, 20 (1970) (referencing Rule 71.1's predecessor and explaining that it "gives the trial court discretion to eliminate a jury entirely"). "Instead, [Rule 71.1(h)(2)] provides only that any party may demand a jury, and that the district court retains the

2

discretion to deny the demand and refer the matter to a commission." *Rover Pipeline LLC v. Kanzigg*, No. 2:17-cv-105, 2017 WL 5068458, at *5 (S.D. Ohio June 1, 2017) (quoting *Rockies Express Pipeline, LLC v. 4.895 Acres of Land*, No. 2:08-cv-554, 2008 WL 5050644, at *2 (S.D. Ohio Nov. 20, 2008)) (internal punctuation and alterations omitted).

A district court should appoint a commission where the "character, location, and quantity of the property to be condemned, as well as 'other just reasons' . . . all weigh in favor of appointing a commission." *Id.*, 2017 WL 5068458, at *4 (quoting Fed. R. Civ. P. 71.1(h)(2)(A)). In determining whether a commission is appropriate, this Court "must consider the totality of the circumstances" and focus on "the overall scope of the project." *Id.* at *9 (quoting Moore's Federal Practice § 71.1.11[1][d]). The Advisory Committee Notes to Rule 71.1(h) are instructive and encourage the appointment of a commission in cases involving numerous properties for the following reasons:

1. [A federal authority] condemns large areas of land of similar kind, involving many owners. Uniformity in awards is essential. The commission system tends to prevent discrimination and provide for uniformity in compensation. The jury system tends to lack of uniformity. Once a reasonable and uniform standard of values for the area has been settled by a commission, litigation ends and settlements result.
2. Where large areas are involved many small landowners reside at great distances from the place where a court sits. It is a great hardship on humble people to have to travel long distances to attend a jury trial. A commission may travel around and receive the evidence of the owner near his home.
3. It is impracticable to take juries long distances to view the premises.
4. If the cases are tried by juries the burden on the time of the courts is excessive.

Fed. R. Civ. P. 71.1(h) advisory committee's note to 1951 amendment; *see also Rover Pipeline LLC*, 2017 WL 5068458, at *9 (stating, "courts follow Rule 71.1(h)'s advisory committee notes in considering whether appointment of a commission will help . . . .").

3

In this case, PCDA made a timely jury demand and, thus, this Court has discretion to honor that demand or appoint a commission to determine compensation for the remaining six Valuation Parcels. Considering the quality and location of the Valuation Parcels at issue and the complexity of the valuation analyses implicated by the taking of the easements, the Court finds that the appointment of a commission is appropriate in this case.

Absent a commission, a combination of jury and bench trials for the multiple Valuation Parcels, which present relatively complex valuation issues, will necessarily invite a lack of uniformity in compensation awards and could give rise to a host of logistical challenges. The parties represent that the various types of easements to be taken include "(1) non-exclusive permanent pipeline rights-of way, (2) non-exclusive temporary workspaces, (3) exclusive permanent surface easements, (4) non-exclusive permanent road access easement, and (5) during the initial construction of the pipeline only, temporary road access easements." Thus, the character of these easements also weighs in favor of the appointment of a commission. *See Rover Pipeline LLC*, 2017 WL 5068458, at *9 (reasoning that it was "not a straight-takings case" where the condemnor acquired "nearly half a dozen different types of easements on various tracts of land"). Additionally, counsel explains that some of the Valuation Parcels will present relatively complex compensation issues, including, in some instances, the easements' alleged impacts upon the potential for future development, upon wetland areas, and upon the highest and best use of the remaining lands. The complexity of these issues supports the appointment of a commission. Further, as the six Valuation Parcels are spread across multiple counties, if travel to any parcel is necessary, it will be considerably easier and less expensive for a commission to travel to that property rather than a jury or the Court and its staff. Finally, a commission would allow "the

parties to conclude their dealings more quickly than would jury trials while concurrently serving to further judicial economy." *Rover Pipeline LLC*, 2017 WL 5068458, at *10 (quoting *Rockies Express Pipeline*, 2008 WL 5050644, at *5).

Accordingly, the Court **GRANTS** the parties' joint motion for appointment of a commission. (ECF No. 280.) The Court will hold a telephonic status conference on **March 24, 2020**, at **10:00 a.m.** to discuss appointment of a commission. The call-in information for the call is as follows: 703-724-3100, then dial 4002661# to be placed on hold pending the start of the call.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 17, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE